for Mr. Max said you may proceed. Good afternoon and may it please the court. This court should reverse and remand for two reasons. First, because Mr. Gladney was convicted of a covered offense under Section 404 of the First Step Act. The district court erred in finding him eligible for a sentence reduction contrary to the plain text of the statute. And second, this error cannot be deemed harmless without impermissible speculation because the court instructed it would address only the quote, purely legal issue of eligibility, effectively denying Mr. Gladney the opportunity. Counsel, counsel, what, what offense are you contending is a covered offense? The covered offense, Your Honor, would be the crack cocaine offense, which is agreed. Is that in Cal? Yes, Your Honor. Okay. Yes. Count one offense. Is it a covered offense? Your Honor, we did not put forth that it is a covered offense. Our argument is that even if it is not a covered offense, because count three is a covered offense, the court had the authority to reduce the sentence as a whole. I think I understand what the court's getting at is whether a non-covered offense can also be reduced. And what we would submit is that under well-established sentencing package doctrine, the word sentence means the holistic sense. And the Congress understood that when it wrote the Section 404 of the How do you get around our Manny case? I mean, how do you establish standing if the sentence isn't going, if the sentence will not be reduced because of the Rico count? Your Honor, Manny is distinguishable for a few reasons and its language actually supports Mr. Gladney's position. So in Manny, this court held that there's a jurisdictional bar to relief as to the non-covered offense, because that individual already had two sentence reductions under Section 3582. And so under this court's precedent, the court held there was a jurisdictional bar to any further reduction of those non-covered offenses. That's the holding of the case. That's the situation there. I would note that this court has since observed that it may need to reconsider Manny's jurisdictional ruling in light of Supreme Court precedent. That's not an issue that needs to be resolved here because Mr. Gladney's case, he's had no prior reductions whatsoever, no reduction under 3582. So the jurisdictional holding of Manny does not apply. Why do those prior reductions matter? Well, they mattered in that case, Your Honor, because the court concluded it could not reduce the non-covered offense sentences any further. In this case, the district court could because Mr. Gladney is convicted of a covered offense as the statute defines it. The court has the ability to reduce his I just want to remind the court of its sentencing package doctrine in the case of United States versus Fowler in 2014. The court stated that sentencing on multiple counts is an inherently interrelated, interconnected and holistic process, which requires the court to craft an overall sentence, the sentence. What case, counsel, what case, counsel, would you have us rely on that is factually similar to our case where we have a covered offense and a United States versus Hudson, Your Honor, the Seventh Circuit, that court, unlike in Manny, actually engages in the exact textual analysis that's an issue here. And the court looking at the text said when there's a covered offense, you're eligible for a sentence reduction, including if there's also a non-covered offense. Part of that is part of that sentencing package. If we if we look, if we look at two different prongs in this analysis, that is, should this defendant receive any kind of relief? We have two questions, don't we? First, we have eligibility under the act. And then we have also whether the court will exercise its discretion and permit reduction. That's correct, Your Honor. And what the court below did and erred in finding Mr. Glady ineligible. So that's our primary argument is that the court found him ineligible. He was eligible under the plaintext following the Hudson analysis, which is persuasive. I don't believe it's been contradicted by any other circuit court that non-covered offense may be reduced along with a covered offense in terms of the the. So I would argue that if the court finds error there, the court would need to remand because Mr. Glady was not able to present his case fully on the merits. I'd like to address that at this stage. Actually, if I may, before I do that, to complete my answer to your question, Judge Timkovich, in footnote nine in Manny, this court did note that there could be situations where a non-covered offense could be reduced concurrently with the covered offense. The quote ended that footnote by stating, as long as it is possible for the court to grant some actual reduction, an offender will have standing. Well, in this case, the court could have granted a variant sentence on both counts one and three, anything less than life. He was asking for 360 months. Well, don't don't those cases, including Hudson, where there's some linkage between the covered offense and the non-covered offenses, where where if you actually did some if the if the sentencing judge had been original sentencing judge had been given the same landscape with the with the First Step Act provisions in place and the judge could have done something to to modify the other the other charges in a multi-count case like this one. But here, the guideline range for the RICO offense was life imprisonment. And there's nothing about the Fair Sentencing Act reductions that would have varied that that particular range or there was no no linkage to the covered offense. And isn't isn't don't we don't have that here. We don't have any linkage from the RICO offense to the to the covered offense. And am I am I misinterpreting what the cases seem to say or how would you respond to that? Well, I would say two things. I would say that Hudson's analysis makes clear that there doesn't need to be any linkage. And I think this court's held on a number of occasions, whether there's a guideline change, whether there's factual changes in Hudson, the firearms offense would have had a lower guideline range. In terms of eligibility under the First Step Act, whether there's a change in the guidelines does not determine eligibility. It's purely whether the person was convicted of a covered offense. I don't I don't think anybody's contesting that you're eligible for the for what is a count. You're eligible for count three, the crack offenses. The question is under Manny, whether you if it doesn't matter, there's no standing slash jurisdiction for a sentence modification. Yes, your honor, I would, I think, direct the court to with the Hudson. But but in terms of whether it's connected, I think I would note that for the RICO, there was a murder predicate act. But another predicate act was also the crack cocaine conspiracy. So there's a linkage there. So the the crack cocaine maximum at the time was life. Now it's 40 years. That's a reduction in how that the seriousness of that the offensive conviction, you know, well, perhaps you you maybe you should reject my linkage argument and just make the case which I thought you were going with Hudson is it doesn't matter whether there's any linkage. If you get sentencing on one count, you get sentencing on on all of them. Isn't that really what your sentencing pack package doctrine argument is? Yes, that is my argument, your honor. I think that with the court is getting it would go more towards the merits, which, again, the court did not reach the merits. I mean, not give Mr. Gladney up. But isn't Manny still an obstacle for for this panel to get there? I would argue, no, your honor, doesn't this your sentencing package doctrine would have worked there as well as it would work here. But the court didn't get to the discretion piece because of the because of its view of the of the the non-covered offense. Well, I think that the court of Manny said there has to be, number one, a statute authorizing reduction and then number two, no jurisdictional bar. The court rendered its ruling on the second basis that there was a jurisdictional bar in that case. There's no textual analysis in Manny of whether a non-covered offense can be reduced for the covered offense. So I would argue the Manny didn't engage with the analysis. This court needs to engage today and therefore it's distinguishable. Can we proceed here, though, even if you if you go down the track of eligibility to entitlement and determine harmless error? Yes, your honor, I would argue that the error cannot be deemed harmless in this case because it would require the court to engage in speculation about what would have been presented below. Below, counsel requested funding to investigate and gather evidence regarding mitigation to present the case on the merits. And the court instructed that it would first address the, quote, purely legal issue of eligibility. And counsel followed the court's instructions, reminded the court in my brief that only the legal issue would be briefed. And therefore, the full case on the merits was not presented below. So it would require speculation about what counsel would have obtained and presented to the court. I would note that there was information about concussions and traumatic brain injury that would be desired to investigate and present information on speculation about how the government would have responded to that evidence. Perhaps their position would have changed speculation about how the court would adjudicate that on the merits. So both information relating to mitigation on the homicide, on the conduct in general at the time, and also post-conviction rehabilitation evidence that would have been obtained and presented. The court said we're only addressing the purely legal issue. So therefore, this court doesn't have a complete record on the merits. I do want to stress what we're only talking about here is a one level reduction from life, which is level 43 to level 42. Just a couple of weeks ago, this court in United States v. Farley noted that that was not so large of a reduction and could be warranted. Again, and Judge Briscoe, I stress we're not arguing that the court had to reduce the sentence, just wanted the fair opportunity, meaningful opportunity to present Mr. Gladdy's case on the merits. And he did not have the opportunity to do that. Well, the information about mental ability and concussions, wouldn't that have been something that could have been brought out when he was tried on the murder charge? Well, Your Honor, I would argue that, you know, I was in trial counsel back then it was 2005. But, you know, as we get into this and present it to the court, I think the court might bear in mind that there's been medical sort of developments and revelations about the impact of concussions on brain injury and cognition, impulsivity and behavior. But I don't believe we're known necessarily in 2005. So are you challenging the validity of the conviction? No, Your Honor, it's just mitigation relating to Mr. Gladdy's conduct. And that's something that the court could properly consider as part of the section 3553 factors. There's just one other case I want to point out before I- Cancel, cancel. Go ahead, go ahead Judge Mastin. Sorry to interrupt, but time is running out. And my question goes to discussion in your brief about whether the RICO conspiracy count or the sentence on the RICO conspiracy count could be reduced under 3582 C2. And I really wasn't following that argument. Could you address that? Why would that statute provide perhaps an avenue for reduction for the RICO count? Your Honor, our argument is that the basis for the reduction of the RICO count is section 404 of the First Step Act. The statute says the court may reduce a sentence if he's convicted of a conviction as part of that sentencing package. And that's the statutory basis for the reduction. All right. So if I understand to be clear, you're not relying at all then on 3582 C2? No, Your Honor, I don't believe so. We're relying on the First Step Act. That is the authority for the reduction following the analysis of the Seventh Circuit in Hudson. All right. And just to circle back to the beginning of your argument, you said you're not arguing that the RICO count was a covered offense. So have you waived any argument on that ground? We may have, Your Honor. We did not fully brief that below or in our briefing. But some courts have found RICO could be covered in some situations. That's not the argument I'm making to the court today. Just before I reserve the balance, Your Honors, I would like to Supreme Court case of Concepcion v. United States, which just a few days ago noted that the only limitations on the First Step Act eligibility are stated in the statute. Those exceptions don't apply to Mr. Blatney. He should be found eligible and given the chance to have his sentence reduced. I'd like to reserve the balance. Thank you. Thank you, counsel. Let's hear from the United States. Ms. Miller, when you're ready. Thank you, Your Honor. May it please the court, Marissa Miller on behalf of the United States. Mr. Blatney's case is completely controlled by this court's previous decision in United States v. Manny. In Manny, this court held that the First Step Act only allows the district court to address a defendant's portion of that incarceration is solely dependent on a covered offense as defined by that statute. In Blatney's case, there is no portion of his incarceration that is solely dependent on such an offense. As a result, the district court had no power to address his alleged injury and therefore no Article III jurisdiction to resolve this motion. Counsel, how do you respond to the that under the Section 404, Mr. Blatney is eligible for sentencing reduction if he was convicted of a covered offense? Count three was a covered offense. So why doesn't that make him eligible? Well, Your Honor, my first response is that the question of the statutory interpretation has effectively already been resolved by this court in Manny. I would direct the court to page 1154 of the court's opinion to start, which says that neither 3582c2 nor 3582c1b gave the court the authority to reduce Maytubby's two concurrent sentences. When you look at that language, when the court is saying 3582c1b didn't give the district court any power to reduce his sentences, the court is saying the First Step Act did not give the district court any power to reduce that further confirmed when we try to recreate the results of Manny by accepting the logic of Mr. Blatney's position. And it simply doesn't work, right? If Mr. Blatney is correct and a district court can reduce both covered and non-covered offenses, then Mr. Maytubby in the Manny case wouldn't have had an Article III problem because the district court could simply have reduced both his covered sentence and his non-covered sentences. And the fact that this court said that was not an option and there was no standing confirms that this court has already rejected the idea that 404b, whatever its plain text might say, authorizes a district court to reduce a sentence for anything other than a covered offense. That said, Your Honor, I am happy to engage in a discussion of the plain text of 404b because I do think this court got it correct in Manny. But at And again, the fact that the court has already decided this question is echoed again in Ellis, which is a very similar case. We've said in other cases that we're questioning a bit the jurisdictional conclusion in Manny. What's your view on that? Yes, Your Honor. I think you're referring to the Warren case. And I think that the question that Warren posed is ultimately one that's kind of from what we're dealing with here, because what matters in this case isn't really whether this is a jurisdictional provision. Really, what matters is the scope of the authority given to a district court under Section 404b. That's the same regardless of whether 35A... So you would look at this and say that the court would have jurisdiction to rule on this motion. No, Your Honor. And the question is, how do we resolve the motion? You say we have no jurisdiction? The district court had no jurisdiction to provide the defendant with the relief he sought. And that's because the district court did not have the power to reduce any of these concurrent sentences on the non-covered offenses. But that would mean in every case where there's a motion to reduce sentence or a case comes up, whenever relief is denied, it's a jurisdictional matter. That seems a little odd, doesn't it? I mean, I think that ultimately that is the holding of Manny, is that once relief has been denied, you know, in a case like Carrillo, or if there's no... I mean, the distinction is not relief being denied, it's relief not being available. And in both this case, in Manny, in Ellis, we're talking about relief not really being available. But I know that this court has applied this doctrine in the context of a denial of relief in the Carrillo case, where a district court was talking about two covered offenses and said, I'm not going to... I'm not going to reduce it on this count, and so therefore there's no jurisdiction on count two. And all of that is completely in line with the 10th Circuit's decision in Manny. What I would like to clear up is I think there's a lot of confusion on Mr. Gladney's part about the role that is played by Section 3582C2 in the Manny decision. Mr. Gladney says that 3582C2 doesn't impose any barrier to his relief the way he believes that it did in Manny, but he really misunderstands the operation of 3582C2, because in this context, in Manny, 3582C2 is not a barrier to relief. Instead, it is an alternative form of relief. In other words, C2 provides a potential exception to the jurisdictional hurdle that exists when a defendant is serving a concurrent sentence on a non-covered offense. That is how this court was referring to 3582C2 in the Manny opinion. And thus, C2 isn't a alternative way for defendants who are in a similar position to Mr. Maytubey and Mr. Gladney to get around their Article III problem. Because Manny says the district court can reduce your covered sentence, but what about your non-covered sentence? And in Manny, the court said, well, there's this other provision, 3582C2, which the district court could use to provide you with relief for both of them. But the problem was, of course, in Maytubey, Mr. Maytubey didn't qualify for 3582C2 relief because his sentence had already been lowered to the extent that 3582C2 allows that. And in this situation, I think as Judge Matheson was getting to, Mr. Gladney can't receive that alternative relief under 3582C2 either, but it's for a different reason. And that's because relief is only available under 3582C2 if the guidelines range for that non-covered offense has subsequently been reduced. And the government explains this in footnote five of the answer brief, but there has not been any change in the guidelines range for Mr. Gladney's RICO conviction, which means that a district court couldn't use 3582C2 to provide him with any relief on those non-covered sentences. And that is why the district court had no power to reduce the RICO conviction, either under the First Step Act, as Manny instructs, or under 3582C2, because he simply doesn't qualify for relief under that provision. And that's how we ended up in this jurisdictional situation. Have any other circuit courts adopted the Manny Article 3 position that this circuit has taken? Not that I'm aware of, Your Honor. I have found some dicta in a second circuit case on an unrelated issue that indicates that at least that panel also believes that Section 404B only allows the district court to reduce covered offense sentences. I'm happy to provide the court with a 28-day letter on that decision, but I think right now what's out there is Hudson and Manny. Is Manny really consistent with what Mr. Maxad said about this sentencing package doctrine? And I know we have a case, I think it's Brown, that says you're not supposed to engage in a plenary re-sentencing. But once you get to re-sentencing, there is a lot of connection in a judge's mind on how the sentence should be constructed based on multiple counts and the like. And that seems like a reasonable approach, but are we barred by that by looking at it holistically because of Manny? Or is there another reason we shouldn't go down that path? No, I believe that that approach would simply be barred by Manny. The court would have to overrule Manny in order to adopt that sentencing package doctrine. And I think one of the things that actually is telling is if you pull the supplemental briefing in the Manny case with respect to this issue, defense counsel before this court did argue that under the sentencing package doctrine, the district court could reduce Mr. Maytubey's non-covered offenses. And while it didn't make it into the 10th Circuit's opinion, that argument was clearly presented to that panel and clearly rejected by it. At the same time, I'd also emphasize there are limits to the sentencing package doctrine. It is a court-created doctrine, and here we're ultimately, I believe that the plain text of 404B does not allow a district court to reduce these non-covered sentences that Manny got it correct. And so, you know, regardless of what the sentencing package tells us about how sentences are imposed by district courts, that simply is not an option that's permitted by the statute. Yeah, these cases are all over the board nationally at this point. It really is a mess. And the companion case that you were going to argue today that was remanded had another variation on this theme. And, you know, I theorize that, you know, maybe if there's some linkage between the covered offense and the non-covered offense that would make it a meaningful, that there could be a meaningful reduction in the non-covered offenses. There's kind of a domino effect might be one way to look at that. And I don't know if that works here, but it might work in other cases. What's your response to that? Yes, Your Honor. And I do think that that, you know, may ultimately be one of the ways to resolve the tension between Manny and Hudson, because in Hudson, you're dealing with, you know, what we just talked about, this non-covered offense that truly was affected by the passage of the Fair Sentencing Act. But ultimately, the court doesn't have to resolve that question here or now. And in fact, this case is a terrible vehicle for resolving that dispute, because as we've discussed, Mr. Gladney's RICO conviction would be the sentence for the guidelines range for that is life. It would have been life regardless of when the Fair Sentencing Act was passed. Do we have a problem since the Chief Judge brought up what was happening in Hutchinson? Do we have a problem here with Burris? That is the district court in this case did not recalculate the sentencing guideline. So is that plain error? Well, Your Honor, I think that there are two distinctions that I would make between Hutchinson in this case. The error alleged in Hutchinson was a Broadway error, and that was fairly clearly raised by defense counsel in their reply brief. Mr. Gladney has never alleged anything. Raised for the first time in the reply brief, you say? Yes. Is that an issue that we normally follow, something that's first raised in a reply brief? You know, the government chose to concede Hutchinson because of the Burris decision and the fact that, you know, regardless of whether or not the defendant might have waived that argument, we believed that an error that was not harmless had occurred, and that is why we chose to concede in this case. And nor am I very clear if it could be, especially because, you know, to a large extent, it's not clear to me that Mr. Gladney's guidelines ranges have really changed, and the court did conduct an analysis of his guidelines range. And so, you know, if Mr. Gladney had raised this issue, I think I might have more thoughts on whether there was a Broadway error. It really wasn't raised in the other case either, but I guess we're not here to argue the case. But doesn't the problem still exist in this case, the lack of recalculation? You know, I think that, well, essentially in this case, I would say that if there's no jurisdiction, that's not necessarily an issue that we need to worry about. You know, that might be one of those situations, and I know that Burris left this open. There are situations where that error can be harmless. And if the district court simply didn't have jurisdiction. It wasn't Burris resolved as a harmless error case. I mean, they looked at whether or not the error was harmless and concluded on that record that it was not harmless. Yes. And I think in this case, there is evidence in the record that would indicate that even if a Broadway Burris error had occurred, and again, I'm really not sure that one has, that that error would be harmless based on the jurisdictional aspect of this case, as well as the district court's many reasons why she believed that a life sentence was still appropriate for Mr. Gladney. Counsel, did you see anything in the Supreme Court's conceptional case that would open the door for us to reevaluate Manny? I do not, Your Honor. I you know, you can always stretch a Supreme Court opinion to say something. But I do think that fundamentally, conception is about a very different issue. That issue being once the district court has determined it has the power to, if I may continue, please finish your thoughts. Once the district court has determined it has the authority to reduce the sentence, what materials, what legal developments, what factual developments it can consider, whereas in this case, we're still stuck on that threshold inquiry, which is, okay, which sentences exactly can the district court reduce? Any other questions from the panel? No. Thank you, Ms. Miller. Could you, Paul, could you add 60 seconds to the rebuttal? Thank you, Your Honor. Your Honor, I'd like to make three points in rebuttal. The first is that I do think that conception is relevant to this court's consideration. The court noted there, quote, the only two limitations on district court's discretion appear in section 404C. We're making the same argument here, that the court should not read an additional limitation into section 404. So what should the court have looked at or what are we supposed to look at? What door was opened under the conception analysis? The statute which authorizes a reduction in section 404A and B, there's no exception. Mr. Gladden is eligible and therefore, under sentencing package doctrine, the district court could have reduced his sentence. I want to note that under the Broadway decision, just going to the intent of the first step back, this court noted that it, quote, favors using the approach that yields greater clemency, and that should also apply looking at the text and the purpose. And I finally want to note, just going to the harmless error analysis, that the average federal sentence for a federal murder is 244 months, 20 years on ussc.org in terms of the statistics. Going back to the early 2000s, it's 18, 19, 20 years. I may finish my thought, your honor. So it is not a foregone conclusion that he would not have earned a reduction, and we do ask this court to give him a chance to make his case. On the point that you just raised, you're talking about murder charges, or are you talking about RICO murder charges? That is just federal murder charges, your honor. That's a different animal, isn't it? Well, this RICO involves an underlying murder, your honor, as well as crack. And many other things, yes, yes. So is that analogy really valid? Well, I think it is, your honor, to the extent that the court would consider the seriousness of the murder, it's relevant to consider what sentences are given in federal cases involving murder. All right, counsel, thank you. Your time's expired. These first step back cases are muddled. We appreciate you bringing your thoughts on that this afternoon. Counsel, you are dismissed, and the case shall be submitted.